*McKensie,* 147 N. C., 461, 61 S. E., 283; *Wilson v. Holding,* 170 N. C., 352, 86 S. E., 1043; *Board of Education v. Walter,* 198 N. C., 325, 151 S. E., 718; and *Board of Education v. Burgin,* 206 N. C., 421, 174 S. E., 286, which are relied upon by the appellants. Those cases are clearly distinguishable, and are not decisive of the principles of law involved in the present action.

The judgment below is
Affirmed.

STATE OF NORTH CAROLINA Ex Rel. AVERY COUNTY; SMITH EGGERS, CHAIRMAN; IRA M. VANCE; J. W. HUGHES; J. H. PRITCH-ARD AND F. P. GUINN, BEING AND CONSTITUTING THE BOARD OF COUNTY COMMISSIONERS OF AVERY COUNTY, v. J. D. BRASWELL AND THE FIDELITY AND CASUALTY COMPANY OF NEW YORK.

(Filed 22 March, 1939.)

APPEAL by defendants from *Rousseau, J.,* at October Term, 1938, of AVERY.

Civil action to recover damages of defendant J. D. Braswell and his bondsman, alleged to have been sustained by reason of malfeasance in office of county accountant of Avery County, heard upon demurrer to complaint.

This is companion action to that entitled *Avery County v. Braswell, ante,* 270. The allegations of the complaint there set forth in substance are the same as in this action, except in these respects: (1) The term of office here begun 1 January, 1937, and terminated 1 July, 1937; (2) The surety here is the defendant The Fidelity and Casualty Company of New York; and (3) The amount paid Bray Brothers Company as alleged in paragraph 9 is $1,102.50, composed of county vouchers, one on 10 January, 1937, for $200, and the other, 1 February, 1937, for $902.50.

Upon these allegations plaintiffs pray judgment against J. D. Braswell in the sum of $1,102.50, and against defendant The Fidelity and Casualty Company of New York in the penal sum of the bond to be discharged upon payment of $1,102.50, and for costs.

Defendants demurred to the complaint for that it fails to state facts sufficient to constitute a cause of action against the defendants, or either of them.

From judgment overruling the demurrer, defendants appeal to the Supreme Court and assign error.

*Charles Hughes for plaintiffs, appellees.*
*Byron E. Williams and Johnson & Uzzell for defendants, appellants.*

Winborne, J. The decision in the case of *Avery County v. Braswell, ante,* 270, is determinative of this appeal.

The judgment below is

Affirmed.

THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES v. JOHN L. ASHBY.

(Filed 22 March, 1939.)

**1. Insurance § 31b—**

Written representations in answer to written questions in regard to previous hospitalization, treatment by a physician within the prior five years, and certain specified diseases, which induce insurer to assume the risk, are deemed material representations as a matter of law.

**2. Same—**

A policy not issued under the provisions of C. S., 6460, may be avoided for material misrepresentations which induce insurer to take the risk which it would not otherwise have taken, even in the absence of fraud, and therefore insurer need not prove that the misrepresentations were intentionally made.

**3. Same: Insurance § 31c—Insured may not defeat forfeiture on ground that he was ignorant of misrepresentations in application signed by him.**

The policy in suit provided that the statement of insurer's medical examiner, signed by insured, should be a part of the contract between the parties. It appeared that this statement contained representations that insured had not been treated in any hospital, had not suffered any disease of the nose, throat, or lungs, and had not consulted a physician for the prior five years, and that insured signed under a statement that the representations therein were true and made as an inducement for the issuance of a policy. This action was instituted to cancel the disability clause, which was not covered by the incontestability clause, for material misrepresentations, and insured admitted that less than five years prior to his application he had been treated in a hospital for pleurisy. Insurer contended that the tuberculosis causing insured's disability was a recurrence or continuation of the same disease. Insured contended that he was ignorant of the misrepresentations in the examiner's statement, that they were written by the examiner and that insured signed same without reading it because he was in a hurry. *Held:* The misrepresentations were material as a matter of law and insurer is entitled to forfeiture upon insured's admission that they were false, there being no evidence that insurer's examiner had any personal knowledge as to the truth or falsity of the representations, and it appearing that insured signed same and adopted the statements as his own, carelessly and negligently without reading it.

Stacy, C. J., concurring.

Clarkson, J., concurs in the concurring opinion.